**Juan VILLAGOMEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–70974.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2006.*

Decided April 26, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Glen A. Prior, Esq., Fife, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, David E. Dauenheimer, Esq., Jennifer Levings, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER and FISHER, Circuit Judges.

## AMENDED MEMORANDUM **

The memorandum disposition filed February 21, 2006, is amended in full as follows:

Juan Villagomez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeal's ("BIA") decision denying his motion to reopen removal proceedings and reconsider its previous decision denying his application for a waiver of inadmissability under former section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c). We review for abuse of discretion the BIA's denial of a motion to reopen and reconsider. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We dismiss the petition in part and deny it in part.

■ Villagomez has not argued that the BIA abused its discretion in denying his motion to reopen and reconsider, nor has he challenged the BIA's determination that he was not deserving of cancellation of removal. Villagomez has thus waived any consideration of those issues. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir.1996). Villagomez instead challenges the BIA's initial dismissal of his appeal, arguing (1) that he was not removable because his convictions do not qualify as crimes of violence or domestic violence and (2) that the BIA erred when it declined to remand his case to the IJ. However, we lack jurisdiction to consider Villagomez's contentions, because he failed to

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

petition for review of the BIA's original October 8, 2003 order within 30 days of that decision. *See* 8 U.S.C. § 1252(b)(1); *Membreno v. Gonzales,* 425 F.3d 1227, 1229 (9th Cir.2005) (en banc). It makes no difference that Villagomez timely petitioned for review of the BIA's denial of his motion to reopen and reconsider because an order of removal "is final, and reviewable, when issued," and "[i]ts finality is not affected by the subsequent filing of a motion to reconsider." *Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *see also Martinez–Serrano,* 94 F.3d at 1258 (holding that an alien's filing of a motion to reopen does not toll statutory deadline for appealing the underlying final order).

Petition for review **DISMISSED** in part and **DENIED** in part.

## ORDER

Petitioner's petition for rehearing filed on April 7, 2006 is **GRANTED.** An amended memorandum disposition is filed concurrently with this order. No further petitions shall be entertained.