Nery CARDONA–CARDONA; Zoila Lieba–Rodriguez, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–74129.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

Antonio Reyna Salazar, Esq., Salazar Law Offices, Seattle, WA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS-District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Emily A. Radford, Esq., Allen W. Hausman, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT and CALLAHAN, Circuit Judges.

MEMORANDUM **

Nery Cardona–Cardona and Zoila Lieba–Rodriguez, husband and wife, and natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") decision denying their motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir.2005) (en banc), and review de novo due process challenges, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen to present new evidence because petitioners failed to present the BIA with any new facts regarding their applications for relief. *See Membreno*, 425 F.3d at 1229–1230. Because the BIA considered the motion to reopen on the merits, petitioners failed to establish prejudice from prior counsel's failure to file an earlier motion to reopen. *See Lara–Torres*, 383 F.3d at 973.

To the extent petitioners now contend they retained prior counsel to petition for review of the BIA's June 2002 decision, and suffered prejudice when he failed to do so, we lack jurisdiction to consider the contention because it was not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). The motion to reopen contends, and the accompanying evidence establishes, that petitioners hired prior counsel to file a motion to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

reopen with the BIA, not a petition for review with this Court.

We lack jurisdiction to review the BIA's June 2002 decision dismissing petitioners' appeal because petitioners did not timely petition for review of that decision. *See Membreno*, 425 F.3d at 1229.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.