**Audelia Salas AVENDANO; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75153.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

Audelia Salas Avendano, Lakeview Terrace, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jose Ayon Salas, Lakeview Terrace, CA, pro se.

Claudia Ayon Salas, Lakeview Terrace, CA, pro se.

Ismael Ayon Salas, Lakeview Terrace, CA, pro se.

Isidro Ayon Salas, Lakeview Terrace, CA, pro se.

Brenda Karina Ayon Salas, Lakeview Terrace, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Audelia Salas Avendano and her children Jose Ayon Salas, Claudia Ayon Salas, Ismael Ayon Salas, Isidro Ayon Salas and Brenda Karina Ayon Salas, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") dismissal, as untimely filed, of their motion to reopen the underlying de-

---

nial of their application for cancellation of removal.

In their opening brief, petitioners do not offer any explanation why their motion to reopen was filed more than eleven months past the filing deadline, but instead seek to challenge the underlying denial of cancellation relief. A motion to reopen before the BIA must be filed within 90 days of the final administrative decision. *See* 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (this court will reverse a denial of a motion to reopen only if arbitrary, irrational, or contrary to law).

We lack jurisdiction to consider petitioners' challenge to the BIA's February 27, 2004 decision affirming without opinion the immigration judge's underlying decision denying petitioners' application for cancellation of removal, because the instant petition for review is not timely as to that order. Moreover, in prior case 04–71054, this court already considered, and denied, petitioners' petition for review of the underlying decision. *See Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir.2005).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.