**Jorge Asencion ROCHEL–
ROMERO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 04–76314.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2008.*

Filed March 18, 2008.

Nicomedes E. Suriel, Law Offices of Nicomedes E. Suriel, L.L.C., Phoenix, AZ, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Greg D. Mack, Esq., U.S. Department of Justice Civil Div./Office, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM **

Petitioner Jorge Rochel–Romero, a citizen and native of Mexico, petitions for review of the Board of Immigration Appeals' order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Denial of a motion to reopen deportation proceedings is reviewed for abuse of discretion. *See Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000). Rochel–Romero no longer challenges the BIA's denial of his motion to reopen on the ground of new evidence. Instead, he now argues that remand is appropriate because the BIA misapplied 8 C.F.R. § 1003.2 in denying his motion to reopen. Such a legal argument should be presented to the BIA in the form of a motion to reconsider, not in a motion to reopen. A motion to reopen should be based upon alleged new facts that bear upon the agency's earlier decision. *See Ghahremani v. Gonzales,* 498 F.3d 993, 997 n. 1 (9th Cir.2007) (citing 8 C.F.R. § 1003.2(b)(1), (c)(1)). The BIA did not abuse its discretion when it refused to grant the motion to reopen to consider Rochel–Romero's legal argument. *See Membreno v. Gonzales,* 425 F.3d 1227, 1229–30 (9th Cir.2005) (en banc). Also, we cannot construe Rochel–Romero's motion to reopen as a motion to reconsider because it would not be timely. His motion was filed well beyond the thirty day period set in 8 C.F.R. § 1003.2(b)(2) for filing a motion to reconsider. *See Membreno,* 425 F.3d at 1230 n. 5.

We lack jurisdiction to consider Rochel–Romero's argument that his conviction for solicitation of burglary is not a crime involving moral turpitude under INA § 212(a)(2)(A)(i)(I). An order of removal "is final, and reviewable, when issued." *Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). A petition for review must be filed within thirty days of the BIA's decision. *See* 8 U.S.C. § 1252(b)(1); *see also Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003). Rochel–Romero did not petition for review of the BIA's May 27, 2004, order dismissing his appeal, and his motion to reopen, filed on August 27, 2004, did not toll the time he had to petition for review. *See Stone,* 514 U.S. at 405, 115 S.Ct. 1537 (explaining that the finality of an order of removal "is not affected by the subsequent filing of a motion to reconsider.").

**PETITION DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.