Ignacio GOMEZ; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–70792.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 5, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ignacio Gomez, Ontario, CA, pro se.

Maria De Lourdes Gomez, Ontario, CA, pro se.

Rodrigo Gomez, Ontario, CA, pro se.

Valentin Gomez, Ontario, CA, pro se.

Guadalupe Gomez, Ontario, CA, pro se.

David V. Bernal, Assistant Director, Jeffery R. Leist, OIL, Stacy S. Paddack, Esquire, Kurt B. Larson, Esquire, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Ignacio Gomez, his wife Maria De Lourdes Gomez, and three of their children, all natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals ("BIA") denial of their motion to reconsider or reopen the underlying denial of their application for cancellation of removal based on petitioners' failure to establish exceptional or extremely unusual hardship to their United States citizen children.

█ In the motion to reopen, petitioners offered new evidence of hardship by submitting evidence of the birth of a new United States child after the removal hearing and new academic success by their child Maria. We conclude that the BIA considered the new evidence, and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

█ The BIA properly denied the motion to reconsider based on petitioners' failure to allege any material factual or legal errors in the underlying decision. We also conclude that petitioners' due process challenge to the denial of their motions to reopen or reconsider is not a colorable due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

jurisdiction"). Petitioners' remaining challenges concern the underlying denial of their application for cancellation and are not properly before us, and we lack jurisdiction to consider them. *See Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

