**Emilio SALAZAR–QUINTANA; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–73423.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Dec. 1, 2008.*

Filed Dec. 11, 2008.

Emilio Salazar–Quintana, Garden Grove, CA, pro se.

Felicitas Salazar, Garden Grove, CA, pro se.

David Roberto Salazar–De Dios, Garden Grove, CA, pro se.

Corey Leigh Farrell, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of The District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of The District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, CLIFTON and BEA, Circuit Judges.

## MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") denial of a motion to reopen and/or reconsider the BIA's February 8, 2008 decision.

We review the BIA's denial of a motion to reconsider and motion to reopen for abuse of discretion. *See Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

Respondent's motion to dismiss in part this petition for review for lack of jurisdiction is granted. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Fernandez v. Gonzales,* 439 F.3d 592, 601 (9th Cir.2006) (concluding that the court lacks jurisdiction to review the BIA's denial of motion to reopen for failure to establish a prima facie case if a prior adverse discretionary decision was made by the agency).

Respondent's motion for summary disposition in part is granted because the questions raised by this petition are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

A review of the administrative record demonstrates that petitioner David Robert Salazar De Dios has presented no evidence that he has a qualifying relative for purposes of cancellation of removal as defined in 8 U.S.C. § 1229b(b)(1)(D). *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir.2002). The BIA therefore correctly concluded that, as a matter of law, petitioner David Robert Salazar De Dios was ineligible for cancellation of removal.

Petitioners' claim for protection under the Convention Against Torture ("CAT") and for withholding of removal failed to present evidence of changed country conditions in Mexico that are material to petitioners and their circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Because petitioners have failed to meet their burden of establishing a prima facie CAT or withholding of removal claim to support reopening, the BIA did not abuse its discretion in denying the motion to reopen.

The BIA also did not abuse its discretion in denying petitioners' motion to reconsider because the motion failed to identify any errors of fact or law in the BIA's February 8, 2008 order. *See* 8 C.F.R. § 1003.2(b)(1); *see also Membreno v. Gonzales,* 425 F.3d 1227, 1230 n. 5 (9th Cir. 2005) (en banc).

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DIS-MISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.