**Federico Sandoval DIAZ;
et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 07–73790.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2009.*

Filed April 29, 2009.

Federico Sandoval Diaz, Santa Ana, CA,
pro se.

Crispina Sandoval Guadalupe, Santa
Ana, CA, pro se.

Obed Sanodval Guadalupe, Santa Ana,
CA, pro se.

Ruth Sandoval Guadalupe, Santa Ana,
CA, pro se.

David V. Bernal, Assistant Director,
Lauren Fascett, Stacy Stiffel Paddack,
U.S. Department of Justice, Washington,
DC, CAC–District Counsel, Esquire, Office
of the District Counsel Department of
Homeland Security, Los Angeles, CA,
Ronald E. Lefevre, Office of the District
Counsel Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: GRABER, GOULD, and BEA,
Circuit Judges.

MEMORANDUM **

Federico Sandoval Diaz, and his wife
and their children, petition for review of
the decision of the Board of Immigration
Appeals denying petitioners' motion to re-
consider the BIA's denial of their motion
to reopen the underlying denial of their
applications for cancellation of removal.
The BIA also construed petitioners' motion
as a second motion to reopen, and denied it
as numerically barred.

Petitioners sought to introduce addition-
al evidence of their qualifying relatives'
hardship if petitioners were removed. Pe-
titioners contend that the BIA erred in
finding no hardship.

The BIA properly denied the motion to
reconsider based on petitioners' failure to
allege any material or factual errors in the
underlying decision. *See* 8 C.F.R.
§ 1003.2(b)(1). Petitioners have waived
any challenge to the BIA's denial of their
motion to reopen by failing to raise any
arguments related to the BIA's dispositive
determination that the motion was numeri-
cally barred. We do not consider the due
process claims which petitioners raise for
the first time in their reply brief. *See
Martinez–Serrano v. INS,* 94 F.3d 1256,
1259–60 (9th Cir.1996). To the extent that
petitioners challenge the underlying denial
of their application for cancellation, those
issues are not properly before us because
the petition is not timely as to those or-
ders, and we lack jurisdiction to consider
them. *See* 8 U.S.C. § 1252(b)(1); *Mem-
breno v. Gonzales,* 425 F.3d 1227, 1229 (9th
Cir.2005).

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36-3.

PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.