**Martin PEREZ–VALENCIA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**Martin Perez–Valencia, Petitioner,**

v.

**Eric H. Holder Jr., Attorney General, Respondent.**

**Nos. 05–74042, 07–72584.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2009.

Filed Oct. 27, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Robert Bradford Jobe, Esquire, Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

David V. Bernal, Assistant Director, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, Anthony Paul Nicastro, Esquire, Trial, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ and THOMAS, Circuit Judges, and ALDRICH,* District Judge.

## MEMORANDUM **

Martin Perez–Valencia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' denial of his motions to reopen. We grant in part and dismiss in part.

■ We lack jurisdiction to review the BIA's exercise of its discretion in determining requests for cancellation of removal based upon hardship. *See* 8 U.S.C. §§ 1229b(b)(1)(D), 1252(a)(2)(B)(i); *Mendez–Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir.2009); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 888, 892 (9th Cir.2003). By the same token, we lack jurisdiction to review denial of Perez's first motion, which sought reopening based on additional evidence of hardship. That evidence, the BIA determined, still failed to meet the hardship requirement. *See Fernandez v.*

---

* The Honorable Ann Aldrich, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Gonzales,* 439 F.3d 592, 601, 603 (9th Cir. 2006).[1]

■ We do have jurisdiction, however, to consider Perez's second motion to reopen based upon his claim that he had constitutionally ineffective assistance of counsel. *See Torres–Chavez v. Holder,* 567 F.3d 1096, 1100–01 (9th Cir.2009). We do not agree with the BIA that Perez presented no evidence that his counsel was inadequate. In fact, he presented substantial evidence to that effect. Moreover, while we agree that a showing of prejudice was required,[2] as far as we can determine, the BIA did not actually decide that there was no prejudice, but only that counsel's "tactical decisions"[3] did not cause prejudice. Thus, we grant the petition as to the second motion to reopen, and remand for further consideration by the BIA.[4]

Petition No. 05–74042 DISMISSED; Petition No. 07–72584 GRANTED. The parties shall bear their own costs on appeal.

---

1. We also note that to the extent that Perez seeks to argue the merits of the BIA's decision on the appeal from the Immigration Judge's determination, we lack jurisdiction because Perez's appeal to us was filed too late to encompass that decision. *See* 8 U.S.C. § 1252(b)(1); *Membreno v. Gonzales,* 425 F.3d 1227, 1229 (9th Cir.2005) (en banc).

2. *See Torres–Chavez,* 567 F.3d at 1100–01; *Ray v. Gonzales,* 439 F.3d 582, 587–88 (9th Cir.2006); *Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003).

3. We confess that we do not entirely understand what the BIA meant by tactical decisions in this case. Many of the claims of ineffective performance by counsel do not lend themselves to the appellation "tactical."

4. We also grant the petition as to the so-called numerical bar. It might well be influenced by the ultimate decision on ineffective assistance of counsel. *See* 8 C.F.R. § 1003.2(c)(2); *Iturribarria v. INS,* 321 F.3d 889, 897–98 (9th Cir.2003) (noting that numerical bars can be tolled in the case of ineffective assistance).

