**Hector Miguel SANDOVAL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76076.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Elsa I. Martinez, Esq., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Barbara C. Biddle, Esq., Jeffrey A. Clair, Esq., U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**994**

Before: FERNANDEZ, RYMER and BYBEE, Circuit Judges.

### MEMORANDUM **

Hector Miguel Sandoval, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in concluding that Sandoval's motion to reopen was untimely, because the motion was filed more than five months after he retained new counsel. *See id.* at 897–98 (holding that a petitioner must act with due diligence when pursuing an ineffective assistance of counsel claim to benefit from equitable tolling of deadlines).

We are not persuaded by Sandoval's contention that the deadline for filing should be tolled to the date his new counsel received the administrative record, because his motion to reopen was based on his prior representatives' failure to file a motion to reopen due to Sandoval's recent marriage to a U.S. citizen, not on prior proceedings before the agency. *Cf. Albillo–De Leon v. Gonzales*, 410 F.3d 1090, 1100 (9th Cir.2005) (holding the filing deadline should be tolled where petitioner did not discover his former counsel was

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

ineffective until petitioner received a copy of his court record).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.