**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HECTOR MIGUEL SANDOVAL, | No. 06-74449 |
| Petitioner, | Agency No. A075-707-510 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2009
Pasadena, California

Before: HALL, W. FLETCHER, and CLIFTON, Circuit Judges.

Hector Miguel Sandoval ("Sandoval") is a 25-year-old native and citizen of

Mexico who has lived continuously in the United States since February 1990. In

removal proceedings initiated in 2001, Sandoval conceded removability but

applied for cancellation of removal. In October 2003, fifteen days after the Board

of Immigration Appeals ("Board" or "BIA") upheld an order of the Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Judge ("IJ") denying his application for cancellation of removal, Sandoval married a U.S. citizen, with whom he has a five-year-old U.S. citizen child. Sandoval did not, however, seek judicial review of the October 2003 decision in which the Board—acting pursuant to a policy that predated its decision in *In re A-M-*, 23 I. & N. Dec. 737 (BIA 2005), and this Court's decision in *Padilla-Padilla v. Gonzales*, 463 F.3d 972 (9th Cir. 2006)—issued a "streamlined" affirmance of the IJ's decision, but reduced the period of voluntary departure ordered by the IJ from sixty to thirty days.

This Court previously upheld an October 2004 decision of the Board denying Sandoval's *first* motion to reopen as untimely, and rejecting his plea for equitable tolling based on a claim of ineffective assistance by a "notario" who had failed timely to seek reopening and an adjustment of status based on his marriage to a U.S. citizen. *See Sandoval v. Gonzales*, 166 F.App'x 993 (9th Cir. 2006) (*Sandoval I*). The Board found, and this Court agreed, that Sandoval had not exercised due diligence in pursuing his ineffective assistance claim because he did not bring his first motion to reopen until more than five months after retaining new counsel. *Id.* at 994.

In the instant matter, Sandoval petitions for review of an August 14, 2006 decision in which the Board denied his *second* motion to reopen, finding that it was

untimely and number-barred. We have jurisdiction to review the Board's decision in this respect. 8 U.S.C. § 1252. We review the denial of a motion to reopen under the deferential abuse of discretion standard, and will reverse the denial of a motion to reopen only if it was arbitrary, irrational, or contrary to law. *See Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008).

Sandoval filed his second motion to reopen more than a year after the Board's October 29, 2004 decision, the final administrative decision rendered in the proceedings sought to be reopened. This was well beyond the 90-day period for reopening prescribed by statute and regulation. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). Sandoval's motion to reopen also exceeded the numerical limitations on filing such motions. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). Thus, the Board did not abuse its discretion when it denied Sandoval's second motion to reopen for failure to satisfy statutory and regulatory requirements. Nor did the Board abuse its discretion, or otherwise err, in adopting its previous decision rejecting Sandoval's plea for equitable tolling based on ineffective assistance of counsel—a ruling that was affirmed by this Court in *Sandoval I*, 166 F.App'x at 994. *See also Iturribarria v. INS*, 321 F.3d 889, 897-98 (9th Cir. 2003).

Sandoval further contends, however, that the Board erred and abused its discretion when it denied his request for reopening under its *sua sponte* authority, and his request to reinstate his original 60-day period for voluntary departure. This latter argument is essentially a claim that intervening case law, including *In re A-M-,* 23 I. & N. Dec. 737, and *Padilla-Padilla*, 463 F.3d 972, effected a "fundamental" change in the law presenting an "exceptional situation" warranting an exercise of the Board's *sua sponte* authority to reopen. *See In re G-D-*, 22 I. & N. Dec. 1132, 1134-35 (BIA 1999); *In re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997). Before we can reach the merits of these claims, we must determine whether we have jurisdiction to review the BIA's decision in these respects.

We do, of course, have jurisdiction to determine our own jurisdiction, and an obligation to do so *sua sponte*. *Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1117-18 (9th Cir. 2009). But we do not have jurisdiction to review Sandoval's claim that the BIA abused its discretion by declining to exercise its authority to reopen his removal proceedings *sua sponte*. *Ekimian v. INS*, 303 F.3d 1153, 1157-59 (9th Cir. 2002) (the courts of appeals are without jurisdiction to evaluate an alien's claim that the BIA should have reopened his case *sua sponte*). Indeed, in *Ekimian,* we specifically rejected an argument that *In re J-J-*, and the Board's other "exceptional situation" cases, provide "a meaningful judicial standard" against

which to evaluate whether the BIA abused its discretion by declining to exercise its authority under 8 C.F.R. § 1003.2(a) to reopen *sua sponte*. 303 F.3d at 1158.

We also lack jurisdiction to decide whether the Board properly reduced Sandoval's voluntary departure period in the first place. Sandoval did not timely file a petition for review of the Board's October 8, 2003 decision reducing his period for voluntary departure. We are without jurisdiction to review claims that were not raised in accordance with the statutory filing requirements for petitions for review of agency decisions. 8 U.S.C. § 1252(b)(1); *Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005) (30-day deadline in 8 U.S.C. § 1252(b)(1) is mandatory and jurisdictional, and cannot be tolled); *see also Minasyan v. Mukasey*, 553 F.3d 1224, 1229 (9th Cir. 2009) (where alien fails to file petition for review within 30 days of final agency order denying relief from removal, court of appeals lacks jurisdiction over those claims).

Accordingly, to the extent Sandoval seeks review of the Board's decision to deny his second motion to reopen as untimely and number-barred, the petition is DENIED. To the extent Sandoval asks this Court to review the Board's denial of his requests to exercise its authority to reopen his case *sua sponte* and reinstate his original period of voluntary departure, the petition is DISMISSED.