**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARINE MARTIROSYAN, | No. 07-70454 |
| Petitioner, | Agency No. A095-719-828 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

    Karine Martirosyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006),

and we deny in part and dismiss in part the petition for review.

We decline to consider the evidence Martirosyan attached to her opening

brief because our review is limited to the administrative record underlying the

BIA's decision. 8 U.S.C. § 1252 (b)(4)(A); *see Fisher v. INS*, 79 F.3d 955, 963

(9th Cir. 1996) (en banc).

Substantial evidence supports the agency's determination that the brief

detentions and beatings Martirosyan suffered, which did not require medical

treatment, did not rise to the level of past persecution. *See Prasad v. INS*, 47 F.3d

336, 339-40 (9th Cir. 1995). Further, the record does not compel the conclusion

that Martirosyan has a well-founded fear of future persecution. *See Nahrvani v.*

*Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005). Accordingly, Martirosyan's

asylum claim fails.

Because Martirosyan failed to establish eligibility for asylum, she

necessarily failed to meet the more stringent standard for withholding of removal.

*See Fisher*, 79 F.3d at 960-61.

Substantial evidence supports the agency's denial of CAT relief because Martirosyan has not established it is more likely than not that she will be tortured if she returned to Armenia. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

We lack jurisdiction to consider Martirosyan's due process contentions concerning her removal from the United States because they arise independently of her final order of removal. *See Singh v. Gonzales*, 499 F.3d 969, 977-79 (9th Cir. 2009) (distinguishing between challenges to final orders of removal over which this court has jurisdiction under 8 U.S.C. § 1252 and challenges that arise independently).

We also lack jurisdiction to consider Martirosyan's challenge to the IJ's finding that the Department of Homeland Security had sustained the removal charge under 8 U.S.C. § 1182(a)(6)(C)(i), because it was not raised before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**