# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARIA ANGELICA MEMBRENO,
                    *Petitioner,*

                 v.

ALBERTO R. GONZALES, Attorney
General,
                    *Respondent.*

No. 03-71214

Agency No.
A90-046-605

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
June 21, 2005—San Francisco, California

Filed October 14, 2005

Before: Mary M. Schroeder, Chief Judge, Harry Pregerson,
Stephen Reinhardt, Andrew J. Kleinfeld,
M. Margaret McKeown, Ronald M. Gould, Richard A. Paez,
Richard C. Tallman, Johnnie B. Rawlinson, Jay S. Bybee,
and Carlos T. Bea, Circuit Judges.

Opinion by Judge Gould

14127

## COUNSEL

Shan D. Potts, Berke Law Offices, Los Angeles, California, for the petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Donald E. Keener, Deputy Director, Office of Immigration Litigation, and John Andre, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondent.

## OPINION

GOULD, Circuit Judge:

Maria Angelica Membreno petitions for review of a decision of the Board of Immigration Appeals ("BIA"), denying her motion to reopen her removal proceedings. We dismiss the petition in part and deny it in part.

# I[1]

Membreno, a native and citizen of Mexico, entered the United States as a temporary resident in 1987. In 1992, she was arrested after shooting (but not killing) the owner of a restaurant that competed with the restaurant owned by Membreno and her husband. Membreno pled guilty to a felony count of "willfully and unlawfully commit[ting] an assault . . . with a firearm" in violation of California Penal Code section 245(a)(2). The state criminal court suspended the imposition of her sentence and granted her three years of probation, the first 180 days of which were to be served in the county jail.

On April 13, 2000, Membreno was seized at the port of entry in San Ysidro, California. The Immigration and Naturalization Service ("INS")[2] commenced removal proceedings and a hearing was held before an immigration judge ("IJ"). After the hearing, the IJ issued a written decision ordering Membreno deported and removed to Mexico on the ground that her California conviction for assault with a firearm constituted "a crime involving moral turpitude" under 8 U.S.C. § 1182(a)(2)(A)(i)(I). In reaching this conclusion, the IJ relied explicitly on BIA precedents holding that assault with a deadly weapon is a crime involving moral turpitude. *See In re Medina*, 15 I. & N. Dec. 611, 612-14 (BIA 1976); *In re Goodalle*, 12 I. & N. Dec. 106, 107 (BIA 1967); *In re G—R—*, 2 I. & N. Dec. 733, 734-36 (BIA 1946) (holding that assault with a deadly weapon in violation of California Penal Code

---

[1]We adopt much of our factual statement and procedural history from the summary set forth in the earlier three-judge panel opinion at *Membreno v. Ashcroft*, 385 F.3d 1245, 1246-47 (9th Cir.) (per curiam), *withdrawn by* 388 F.3d 738 (9th Cir. 2004).

[2]The Department of Justice transferred the functions of the Immigration and Naturalization Service to the Department of Homeland Security in March 2003. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135, 2205 (codified at 6 U.S.C. § 291) (2002). For convenience, we refer to the INS throughout rather than the Department of Homeland Security.

section 245 is a crime involving moral turpitude). On June 28, 2002, the BIA summarily affirmed the IJ's decision, and Membreno did not file a timely petition for review of the affirmance.

On September 24, 2002, Membreno timely filed a motion to reopen removal proceedings, arguing that she was not removable because assault with a firearm under California Penal Code section 245(a)(2) fell within the scope of the "petty offense" exception to the inadmissibility bar triggered by an alien's conviction for a crime involving moral turpitude. *See* 8 U.S.C. § 1182(a)(2)(A)(ii)(II). The BIA denied Membreno's motion to reopen on February 20, 2003, and a petition for review of this decision was filed on March 18, 2003.

## II

In her petition for review of the BIA's denial of her motion to reopen, Membreno challenges the BIA's adoption of the IJ's determination that Membreno was removable pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I), arguing that assault with a firearm under California Penal Code section 245 does not constitute a crime involving moral turpitude for the purposes of the Immigration and Nationality Act's (INA) bar to admissibility. Membreno further argues that the BIA erred in denying her motion to reopen because even if her crime of conviction is one involving moral turpitude, she is not subject to 8 U.S.C. § 1182(a)(2)(A)(i)(I)'s bar to admissibility because she qualifies for the petty offense exception outlined in 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

[1] We lack jurisdiction to review Membreno's contention that the BIA erred in determining that she committed a crime involving moral turpitude when she violated California Penal Code section 245(a)(2),[3] because the petition before us was

---

[3]Because the BIA summarily affirmed the IJ's decision we review the IJ's decision as if it were the BIA's decision. *Thomas v. Gonzales*, 409 F.3d 1177, 1182 (9th Cir. 2005) (en banc).

filed almost a year after the issuance of that decision. The governing jurisdictional statute, 8 U.S.C. § 1252(b)(1), states that a "petition for review must be filed not later than 30 days after the date of the final order of removal." "This time limit is mandatory and jurisdictional, and cannot be tolled." *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).[4] That Membreno timely petitioned for review of the BIA's denial of her motion to reopen is irrelevant because of the Supreme Court's holding in *Stone v. INS* that an order of removal "is final, and reviewable, when issued," and that "[i]ts finality is not affected by the subsequent filing of a motion to reconsider." 514 U.S. 386, 405 (1995); *see also Caruncho v. INS*, 68 F.3d 356, 359-60 (9th Cir. 1995).

**[2]** Although we do not have jurisdiction to review the BIA's assessment of moral turpitude or its order of removal because the time in which to petition for review has elapsed, we do have jurisdiction to review the denial of Membreno's motion to reopen for abuse of discretion. *See Caruncho*, 68 F.3d at 360-62. In her motion to reopen, Membreno asserted that she would not be subject to removal even if her crime were deemed to be one of moral turpitude because she qualifies for the INA's "petty offense" exception, and that position is advanced in her petition for review. We review the BIA's decision on a motion to reopen for abuse of discretion. *Sharma v. INS*, 89 F.3d 545, 547 (9th Cir. 1996). The BIA properly denied Membreno's motion to reopen because Membreno presented the BIA with no new facts, but only new legal arguments. "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not

---

[4]Our case law recognizes two exceptions to this rule, but Membreno does not claim, and cannot claim, that either exception applies here. *See Singh*, 315 F.3d at 1188 (noting that court of appeals can assert jurisdiction over untimely petitions for review where alien was officially misled as to time in which to file notice of appeal or where BIA failed to comply with certain federal regulations requiring the mailing of its decision to the petitioner's (or his counsel's) address of record).

have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1). The BIA did not abuse its discretion when it declined to reopen proceedings because Membreno presented no new facts in her motion to reopen.[5]

**DISMISSED in part and DENIED in part**.

---

[5]We cannot here grant relief on the petition for review by construing Membreno's motion to reopen instead as a motion to reconsider. *See Mohammed v. Gonzales*, 400 F.3d 785, 792 (9th Cir. 2005) (affirming the BIA's decision to construe a motion to reconsider as a motion to reopen when the motion alleged new facts rather than legal error). A motion to reconsider must be filed "within 30 days after the mailing of the Board decision," 8 C.F.R. § 1003.2(b)(2), and Membreno's motion was filed nearly 90 days after the initial decision. Furthermore, a motion to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision . . . ." 8 C.F.R. § 1003.2(b)(1). Membreno's motion does not point to any alleged errors of fact or law in the original BIA decision, but rather asserts a new legal argument not originally before the Board.