**Belainesh FANTAYE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70106.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Decided Jan. 5, 2006.

Scot Stirling, Esq., Stirling Law Trust, Riverside, CA, Angela M. Miller, DOJ–U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Petitioner.

CAC–District Counsel, Esq., Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Susan K. Houser, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Karen L. Stevens, Esq., Angela M. Miller, DOJ–U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent. Agency No. A95–193–333.

Before: BEEZER, HALL, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Belainesh Fantaye petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge (IJ) in denying her application for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review.

Fantaye, a native and citizen of Ethiopia, filed an application for asylum in 2001, alleging persecution based on both her ethnicity as part of the Amhara tribe and her Seventh Day Adventist religion. The BIA denied her application on the merits, holding that Fantaye was not credible, and that even if she were credible, Fantaye did not establish past persecution or a well-founded fear of persecution. The BIA also rejected Fantaye's claim that she was denied due process because of an allegedly inadequate translation at her hearing. Finally, the BIA denied Fantaye's motion to reopen for consideration of new evidence.

### *Merits of Asylum Application*

We agree with the BIA's holding that even if Fantaye were credible, she still could not prevail on her asylum claim because she failed to carry her burden of showing past persecution or a well-founded fear of persecution. That holding is supported by substantial evidence. *See Pedro–Mateo v. I.N.S.,* 224 F.3d 1147, 1150 (9th Cir.2000). Accepting Fantaye's testimony as credible that she is a member of the Amhara tribe and a Seventh Day Adventist, the evidence of alleged persecution outlined in her asylum application is insufficient to demonstrate that she was persecuted because of her ethnicity or religion. For example, Fantaye's statement accompanying her asylum application indicated that her husband was imprisoned for exposing financial corruption in the government, an act apparently based on political opinion, not ethnicity or religion. Fantaye's statement also indicated that their home was seized because of her husband's politics, not their ethnicity or religion. Finally, Fantaye's claim that she has been precluded from practicing nursing in Ethiopia after successfully completing school and getting certified was based on a disagreement between her family and the nursing director's family, rather than on Fantaye's ethnicity or religion. The BIA's decision to deny Fantaye's asylum claim on the merits is supported by substantial evidence.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Due Process Claim*

■ Fantaye argues she received inadequate translation at her hearing and that she cannot prove this claim in her petition for review because the tape recordings of the hearing cannot be located by the government.[1] This argument is unavailing, however, because she has failed to show that a better translation would have changed the outcome of her hearing, and thus cannot demonstrate prejudice. We have found direct evidence of translation errors resulting in the denial of due process even in the absence of a bilingual transcript. *See, e.g., Perez–Lastor v. I.N.S.,* 208 F.3d 773, 778–79 (9th Cir.2000). Additionally, Fantaye is not limited to showing inadequate translation with direct evidence of translation errors. She could also carry her burden by showing unresponsive answers or by pointing to parts of the hearing transcript where she expressed difficulty in understanding the translator. *Id.*

The translation errors alleged by Fantaye before the BIA are minor. These alleged errors do not show prejudice and Fantaye has not carried her burden of showing a different translation would have changed the outcome of the hearing. *See id.* at 780.

*Motion to Reopen*

■ In connection with her motion to reopen, Fantaye proffered fifteen documents in an attempt to prove the merits of her asylum claim. The BIA held that only two of those were actually unavailable at

the original hearing, and that neither of the two were material to her asylum claim. *See* 8 C.F.R. § 1003.2(c)(1).[2] The BIA did not abuse its discretion in denying Fantaye's motion to reopen. *See Membreno v. Gonzales,* 425 F.3d 1227, 1229–30 (9th Cir. 2005) (en banc). The two documents that the BIA found were unavailable at the original hearing are letters corroborating certain portions of Fantaye's testimony in a vague and conclusory fashion. Due to the lack of other evidence supporting Fantaye's claimed persecution, these letters are insufficient to support a different outcome on Fantaye's asylum claim.

**PETITION FOR REVIEW DENIED.**

---

1. We find the government's inability to locate the tape recordings of the hearing in this case troubling and suggest that in the future the government make an effort to preserve recordings of proceedings where translation is at issue.

2. Stating: "[a] motion to reopen proceedings shall state the new facts that will be proven at

a hearing … and shall be supported by affidavits or other evidentiary material.… A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.…" 8 C.F.R. § 1003.2(c)(1).