**Fabiola Mar NUNEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75065.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Fabiola Mar Nunez, Whittier, CA, pro se.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Mary Jane Candaux, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER and BYBEE, Circuit Judges.

MEMORANDUM **

Fabiola Mar Nunez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *Ordonez v. INS,* 345 F.3d 777, 782 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen because Nunez failed to present any evidence to support her assertion that her child would suffer exceptional and extremely unusual hardship if she were removed. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall be supported by affidavits or other evidentiary material"). Absent such evidence, the BIA properly concluded that Nunez failed to show prima facie eligibility for cancellation of removal.

---

*See Ordonez,* 345 F.3d at 785 (holding that prima facie eligibility is demonstrated by a showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied).

We lack jurisdiction to consider Nunez's challenge to the BIA's July 13, 2004 decision affirming, without opinion, the IJ's underlying decision denying cancellation of removal, because the instant petition for review is not timely as to that order. *See Membreno v. Gonzales,* 425 F.3d 1227, 1229 (9th Cir.2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.