Afshin NOURI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71378.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Lea Greenberger, Attorney at Law, Encino, CA, for Petitioner.

Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM **

Afshin Nouri, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings, or in the alternative, to reconsider its order affirming without opinion, an immigration judge's ("IJ") order denying asylum, withholding of removal and relief under the Convention Against Torture. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the BIA's denial of motions to reopen or reconsider for abuse of discretion. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Nouri's motion to reconsider because he failed to provide any argument in support of his motion, and thereby failed to identify any error of law or fact in the BIA's previous decision. *See* 8 C.F.R. § 1003.2(b)(1); *see also Iturribarria v. INS,* 321 F.3d 889, 895 (9th Cir.2003). The record does not support Nouri's contention that he reasserted in his motion to reconsider the legal arguments he raised in his appeal to the BIA.

The BIA did not abuse its discretion in denying Nouri's motion to reopen because he failed to show that the two statements from his relatives could not have been presented at the removal hearing. *See* 8 C.F.R. § 1003.2(c)(1); *Bhasin v. Gonzales,* 423 F.3d 977, 984 (9th Cir.2005). We are unpersuaded by Nouri's explanation that he was unaware that he needed to offer the statements from his relatives at his removal hearing.

We lack jurisdiction to consider Nouri's challenge to the BIA's August 5, 2003 order, because the instant petition for review is not timely as to that order. *See Mem-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*breno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir.2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.