Darcy Aparecida Do NASCIMENTO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Darcy Aparecida Do Nascimento, Petitioner,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 06–70844, 06–73985.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2007 *.

Filed Aug. 29, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., U.S. Department of Justice Civil, Washington, DC, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

### MEMORANDUM **

Darcy Aparecida Do Nascimento, a native and citizen of Brazil, petitions for review from the Board of Immigration Appeals (BIA) opinion affirming the denial of an immigration judge (IJ) of her claim for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) in 06–70844, and from the BIA's denial of her motion to reopen in 06–73985. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and (b), and we deny the petition for review.

■ We review the BIA's decisions on questions of law, such as the sufficiency of a Notice to Appear (NTA), de novo. *See Kohli v. Gonzales,* 473 F.3d 1061, 1065 (9th Cir.2007). The defects Nascimento alleged in the NTA (illegible signature and doubt as to official title) do not violate a statutory or regulatory requirement. *See id.* at 1067–68. As a result Nascimento's rights were not affected and the filing of the NTA established the immigration court's jurisdiction. *See id.* at 1068. Further, because Nascimento admitted to proper service of the NTA as required by 8 U.S.C. § 1229(a)(1), admitted the factual allegations therein and conceded removability, she did not show prejudice. *See id.* (for relief applicant must show either that immigration court lacked jurisdiction or that she was prejudiced due to alleged defect in NTA).

■ We review the denial of asylum, withholding of removal, and CAT relief for substantial evidence, and must uphold the BIA "unless the evidence compels a contrary result." *Almaghzar v. Gonzales,* 457 F.3d 915, 920 (9th Cir.2006) (quotations omitted). Nascimento testified that she had received telephoned threats. Unfulfilled threats, without more, do not rise to the level of past persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir. 2003); *Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000). Nor does Nascimento's testimony compel a finding that her fear of future persecution was objectively reasonable. *See Hoxha,* 319 F.3d at 1182. She stated only that she had "heard" of persecution of persons in similar situations to hers, but presented no evidence regarding how widespread this was or any specific examples. Substantial evidence supports the denial of asylum, and therefore Nascimento did not meet the more stringent standard for withholding of removal. *See Lim,* 224 F.3d at 937–38.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Denial of CAT relief was appropriate because Nascimento did not establish that "it is more likely than not that ... she would be tortured if removed" to Brazil. 8 C.F.R. § 208.16(c)(2). The BIA addressed this issue by agreeing with the decision of the IJ.

We review the denial of Nascimento's motion to reopen for an abuse of discretion. *See Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir.2005). The BIA did not abuse its discretion. A motion to reopen must present new facts, not new legal arguments. *Id.* It was filed two months too late to be treated as a motion to reconsider, *see id.* at 1230 n. 5, and even if it were such a motion it is without merit, as no change in law justified reexamination of the BIA's decision. PETITION FOR REVIEW DENIED.