**WAN HAI ZHONG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,\* Respondent.**

**No. 05–75999.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Dec. 10, 2007.

Wan Hai Zhong, Alhambra, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Wan Hai Zhong, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' denial of his motion to reopen its decision affirming an immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture on the ground that the new evidence submitted in support of the motion to reopen was not likely to change the result in the case. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition for review.

Zhong contends that the immigration judge and the Board erred in denying his asylum application as untimely because he filed it within one year of his participation in a demonstration against the Chinese government in front of the Chinese embassy in New York. He also contends that the immigration judge and the Board erred in denying on the merits his applications for withholding of removal and CAT relief. In his motion to reopen Zhong contended that his new evidence established his well-founded fear of persecution in China. The new evidence included two letters from people in China, advising him not to return because the police had been investigating his case due to his participation in the New York demonstration. It also included two letters by Zhong, stating that he was persecuted and tortured in China multiple times from 1976 to 1990, that he demonstrated in front of the Chinese consulate in Los Angeles, and that his father was involved in an incident in the 1960s.

We lack jurisdiction to review the Board's decision of June 28, 2005, on the merits of Zhong's case. *See* 8 U.S.C. § 1252(b)(1) (setting forth time limit for petitions for review); *Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir.2005)

(en banc). To the extent Zhong challenges the denial of his motion to reopen, there was no abuse of discretion in the Board's conclusion that he failed to present sufficient material evidence that was not available and could not have been discovered or presented at the earlier hearing. *See* 8 C.F.R. § 1003.2(c)(1); *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**