**Majumder Abu TAHER, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Nos. 04–75439, 05–71524.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 29, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elsa I. Martinez, Esq., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Mary Jane Candaux, Esquire, Jennifer L. Lightbody, Esquire, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Majumder Abu Taher, a native and citizen of Bangladesh, petitions for review of two Board of Immigration Appeals ("BIA") orders: a 2004 order summarily affirming an immigration judge's ("IJ") order dismissing his first motion to reopen, and a 2005 order denying his second motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir.2005) (en banc), and review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petitions for review.

█ The IJ did not abuse his discretion by dismissing the first motion to reopen for lack of jurisdiction because the motion was filed after Taher appealed the IJ's exclusion order. *See* 8 C.F.R. § 1003.23(b)(1) (an immigration judge may reopen a case, unless jurisdiction is vested with the BIA).

█ The BIA did not abuse its discretion by denying the second motion to reopen because Taher did not present any evidence regarding reasonable cause for missing his hearing that was not already considered in the BIA's 2002 order, and his ineffective assistance of counsel claim did not satisfy the threshold procedural requirements for such a claim. *See Membreno*, 425 F.3d at 1229 (BIA did not abuse its discretion where it denied motion to

** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.

reopen for failure to present new facts); *Reyes v. Ashcroft,* 358 F.3d 592, 597–99 (9th Cir.2004) (requiring substantial compliance with the requirements in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988)).

■ Taher's due process contention fails because he was not deprived of a full and fair hearing or prevented from presenting his case. *See Colmenar,* 210 F.3d at 971. The BIA in its 2002 order considered Taher's evidence and determined that he did not establish the required reasonable cause for missing his hearing.

**PETITIONS FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.