FILED

**NOT FOR PUBLICATION**

MAR 14 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRMA LILIANA RAMOS-GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-75148<br><br>Agency No. A098-657-186<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Irma Liliana Ramos-Gonzalez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ramos-Gonzalez also appeals from the BIA's denial of her motion to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review the BIA's decision on a motion to reopen for abuse of discretion, *Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005) (en banc), and we review de novo questions of law, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Ramos-Gonzalez failed to provide a consistent account of the timing of significant aspects of her claim. *See Shrestha*, 590 F.3d at 1039-40. In the absence of credible testimony, Ramos-Gonzalez's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Ramos-Gonzalez's CAT claim is based on the testimony the agency found not credible, and she points to no other evidence showing it is more likely than not she will be tortured if returned to Guatemala, her CAT claim also fails. *See id.* at 1156-57.

08-75148

The BIA did not abuse its discretion in denying Ramos-Gonzalez's motion to reopen because Ramos-Gonzalez failed to show that her prior attorney's performance affected the outcome of her claims. *See Iturribarria v. INS*, 321 F.3d 889, 903 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**