**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELEAZAR ANGUIANO REYES, | No. 08-70622 |
| Petitioner, | Agency No. A079-540-733 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| ELEAZAR ANGUIANO REYES, | No. 08-75189 |
| Petitioner, | Agency No. A079-540-733 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals
Argued and Submitted May 2, 2011
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

Petitioner Eleazar Anguiano Reyes, a native and citizen of Mexico, petitions for review of two orders of the Board of Immigration Appeals denying motions to *sua sponte* reopen and a motion to reconsider a prior order denying a motion to reopen. We lack jurisdiction to consider the Board's discretionary decisions not to *sua sponte* reopen pursuant to 8 C.F.R. § 1003.2(a). *Nevarez Nevarez v. Holder*, 572 F.3d 605, 607 (9th Cir. 2009); *Ekimian v. INS*, 303 F.3d 1153, 1159-60 (9th Cir. 2002). Therefore, we dismiss the petition for review in 08-75189 and the claims in 08-70622 asserting that the Board abused its discretion by refusing to *sua sponte* reopen cancellation of removal.

We also lack jurisdiction to consider Petitioner's arguments alleging that the Board erred in its prior July 19, 2007 order denying the motion to reopen. The timely petition for review of the reconsideration order in 08-70622 does not provide jurisdiction to review the July 19, 2007 order. *Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005) (en banc).

The Board did not abuse its discretion by holding that Petitioner's August 2007 motion for reconsideration was untimely. The motion was stamped as received and filed on August 23, 2007, and the notice sent to counsel informed counsel that the motion was received on August 23, 2007. Counsel did not inform the Board before it ruled that the motion was timely-filed. Petitioner argues that

the Federal Express documents filed with the Board after it denied the motion establish that the Board actually received the motion on August 20, 2007, the last day to file a timely motion for reconsideration. The record does not compel a conclusion to that effect or exclude the possibility that the motion for reconsideration was mistakenly placed in the wrong envelope and sent to this court, stamped by this court as received on August 21, forwarded from this court to the Board on August 22, and received by the Board on August 23, as suggested by one document in the record.

**PETITION FOR REVIEW IN 08-70622 DISMISSED IN PART AND DENIED IN PART. PETITION FOR REVIEW IN 08-75189 DISMISSED.**