**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUNNING SHI, | No. 08-73332 |
| Petitioner, | Agency No. A079-521-428 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Junning Shi, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

To the extent Shi seeks to challenge the BIA's 2003 order affirming the immigration judge's decision denying Shi's application for asylum, withholding of removal, and relief under the Convention Against Torture, we lack jurisdiction because Shi's petition for review is untimely as to that decision. *See* 8 U.S.C. § 1252(b)(1); *Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005) (en banc).

The BIA did not abuse its discretion in denying Shi's motion to reopen, because it was untimely, *see* 8 C.F.R. § 1003.2(c)(2), and Shi failed to present sufficient evidence of changed circumstances in order to qualify for the regulatory exception to the time limit for filing motions to reopen, 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi*, 538 F.3d at 996-97 (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

08-73332