**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AHMED ZZIZINGA MUYINGO, | No. 10-72516 |
| Petitioner, | Agency No. A070-367-287 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2011**

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Ahmed Zzizinga Muyingo, a native and citizen of Uganda, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen. *Toufighi v. Mukasey*, 538

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 988, 992 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to address Muyingo's challenge to the BIA's 2004 order affirming the immigration judge's decision finding him deportable and ineligible for asylum and withholding of removal based on his criminal convictions, because the petition for review is untimely as to that decision. *See* 8 U.S.C. § 1252(b)(1); *Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005) (en banc). We also lack jurisdiction to address Muyingo's contention that a change in case law renders the basis for his deportation order invalid and qualifies him for additional forms of relief because he failed to exhaust these issues before the BIA in the motion to reopen currently under review. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The BIA did not abuse its discretion in denying Muyingo's third motion to reopen as untimely and number barred where the successive motion was filed more than five years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c), and he did not establish prima facie eligibility for the relief sought. *See Toufighi*, 538 F.3d at 996-97 (evidence must demonstrate prima facie eligibility for relief warranting reopening based on changed country conditions). Contrary to Muyingo's contention, he bears the exclusive burden of demonstrating eligibility for relief

10-72516

under the Convention Against Torture.  *See Nuru v. Gonzales*, 404 F.3d 1207, 1216-23 (9th Cir. 2005).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**