**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SALOMON HERNANDEZ CASTRO;
ALEJANDRINA MALDONADO
JARDINEZ,

                    Petitioners,

    v.

ERIC H. HOLDER, Jr., Attorney General,

                    Respondent.

No. 11-70183

Agency Nos. A099-461-890
                     A099-461-891

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

    Salomon Hernandez Castro and Alejandrina Maldonado Jardinez, natives

and citizens of Mexico, petition pro se for review of an order of the Board of

Immigration Appeals ("BIA") denying their motion to reopen removal

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen as untimely, where petitioners filed their motion to reopen nearly one year after issuance of the final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and failed to demonstrate changed conditions in Mexico material to their claim to asylum such as would warrant an exception to the filing deadline, *see Najmabadi*, 597 F.3d at 986 (holding that a petitioner cannot reopen based on changed country conditions by relying on evidence that simply recounts generalized country conditions without demonstrating that his or her predicament is appreciably different from the dangers faced by fellow citizens).

Petitioners have waived any challenge to the BIA's determination that they did not demonstrate ineffective assistance by their former attorney. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("[W]e generally will not take up arguments not raised in an alien's opening brief before this court.").

We lack jurisdiction to review petitioners' challenges to the BIA's prior order dismissing their appeal from the immigration judge's decision, because this

petition for review is untimely as to their underlying removal order. *See*

*Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**