**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUIS GUSTAVO GARCIA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

Nos. 10-71553
10-73219

Agency No. A094-828-492

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

In these consolidated petitions for review, Luis Gustavo Garcia, a native and

citizen of Honduras, petitions for review of an order of the Board of Immigration

Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ")

decision denying Garcia's applications for asylum, withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture ("CAT") (No. 10-71553), and of the BIA's subsequent order denying Garcia's motion to reconsider and reopen (No. 10-73219). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1055-56 (9th Cir. 2006), and review for abuse of discretion the BIA's denial of a motion to reconsider and reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petitions for review.

Garcia does not raise any challenge to the agency's dispositive determination that his asylum application is time-barred. Furthermore, substantial evidence supports the BIA's determination that Garcia failed to demonstrate eligibility for humanitarian relief based on the severity of past persecution. *See Vongsakdy v. INS*, 171 F.3d 1203, 1205 (9th Cir. 1999) (humanitarian relief based on severity of past harm is reserved for cases of "atrocious" persecution).

Substantial evidence supports the BIA's finding that Garcia failed to establish past persecution because he did not demonstrate that the Honduran government was "unable or unwilling to control" his attackers, where he did not report all the incidents to the police. *See Knezevic v. Ashcroft*, 367 F.3d 1206, 1211 (9th Cir. 2004). The record does not compel the conclusion that the government was unwilling or unable to protect him. *See Rahimzadeh v. Holder*,

613 F.3d 916, 921-23 (9th Cir. 2010) (discussing various means by which a petitioner may fill the "gap in proof" left by the absence of a report to the police). Substantial evidence also supports the BIA's determination that Garcia failed to establish it is more likely than not he will be persecuted on account of his political opinion if returned to Honduras. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (vague threats alleged against family do not compel finding of clear probability of future persecution). In light of this determination, the BIA did not err in declining to address the IJ's findings regarding relocation. Accordingly, Garcia's withholding of removal claim fails.

Further, substantial evidence supports the BIA's determination that Garcia failed to demonstrate that it is more likely than not he will be tortured by or with the acquiescence of the government if he returns to Honduras. *See id*. at 1095. Accordingly, Garcia's CAT claim fails.

Finally, the BIA did not abuse its discretion in denying Garcia's motion to reconsider and reopen. *See* 8 C.F.R. § 1003.2(b)(1) (motion to reconsider must "specify errors of fact or law" in the underlying decision); 8 C.F.R. § 1003.2(c)(1) (motion to reopen must "state the new facts" that will be established at a hearing); *see also Membreno v. Gonzales*, 425 F.3d 1227, 1229-30 (9th Cir. 2005) (en banc)

10-73219

(assertion of a new legal argument does not constitute new facts warranting reopening).

**PETITIONS FOR REVIEW DENIED.**