**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSSAN NG and LIN XIE, | No. 12-71489 |
| Petitioners, | Agency Nos. A098-176-997 |
| v. | A098-176-996 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013**

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Sussan Ng and Lin Xie, natives and citizens of China, petition pro se for

review of an order of the Board of Immigration Appeals ("BIA") denying their

motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for abuse of discretion the BIA's denial of a motion to reopen

---

   *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and review de novo questions of law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen as untimely because petitioners filed their motion more than four years after their removal order became final, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), and they did not establish that their motion warrants equitable tolling of the deadline, where the alleged ineffective assistance of their former attorney did not prevent them from timely filing their motion, *see Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 845 (9th Cir. 2006) ("Tolling requires that '[the movant's] ignorance of the limitations period was caused by circumstances beyond the party's control . . . .'" (citation omitted)).

The record does not support petitioners' contention that the BIA failed to provide a reasoned explanation for its denial of their motion to reopen. *See Najmabadi*, 597 F.3d at 990.

Petitioners' allegations of government misconduct do not warrant equitable estoppel. *See Morgan v. Gonzales*, 495 F.3d 1084, 1092 (9th Cir. 2007) ("A party seeking to raise estoppel against the government must establish affirmative misconduct going beyond mere negligence . . . . [E]stoppel against the government

is unavailable where petitioners have not lost any rights to which they were entitled." (citations and internal quotation marks omitted)).

We lack jurisdiction to consider petitioners' contention that their case warrants a favorable exercise of prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

Petitioners' remaining contentions are not properly before us because the current petition for review is untimely as to the BIA's orders of September 27, 2007, and January 29, 2008. *See Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005).

We deny as moot petitioners' duplicative request for a stay of removal. The temporary stay of removal confirmed by this court on July 6, 2012, shall continue in effect until issuance of the mandate. *See* 9th Cir. G.O. 6.4 (c)(6).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**