**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| VILMA GLADIS CHAVEZ DE PERDOMO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-74005 <br><br> Agency No. A088-111-708 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014**

Before:   GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Vilma Gladis Chavez De Perdomo, a native and citizen of El Salvador,

petitions pro se for review of an order of the Board of Immigration Appeals

("BIA") denying her motion to reopen removal proceedings. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a

---

       *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       **      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying as untimely Chavez De Perdomo's motion to reopen to seek adjustment of status, where she failed to establish any exception to the filing deadline for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(2) (requiring motions to reopen not qualifying for an exception to comply with the general 90-day filing deadline); *see also Toufighi*, 538 F.3d at 993 (noting that a "motion to reopen to apply for adjustment of status" is "still bound by the usual ninety-day deadline for motions to reopen").

We lack jurisdiction to review either the BIA's refusal to exercise its sua sponte authority to reopen Chavez De Perdomo's removal proceedings, *see Toufighi*, 538 F.3d at 993 n.8, or Chavez De Perdomo's request for prosecutorial discretion, *see Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

We also lack jurisdiction to review Chavez De Perdomo's unexhausted request to reopen based on changed country conditions. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA."). In addition, the news article that Chavez De Perdomo references in her opening brief lies beyond the scope of our review. *See Chavez-Perez v. Ashcroft*, 386 F.3d 1284,

1290 n.7 (9th Cir. 2004) ("[W]e may not consider any information beyond what the BIA had before it at the time of its decision.").

Finally, we lack jurisdiction to review the immigration judge's conduct of Chavez De Perdomo's underlying removal hearing because this petition for review is untimely as to those proceedings. *See Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005) (en banc) (requiring any petition for review to be "filed not later than 30 days after the date of the final order of removal" (citation omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**