**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOU FANG YUAN, AKA Youfang Yuan, | No. 12-72091 |
| Petitioner, | Agency No. A075-497-950 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:      CANBY, BEA, and MURGUIA, Circuit Judges.

You Fang Yuan, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to

reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse

of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

We lack jurisdiction to consider Yuan's challenges to the BIA's August 11, 2011, order dismissing her appeal from the immigration judge's denial of her asylum and withholding of removal claims because Yuan did not petition for review of that order. *See Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005).

In denying Yuan's motion to reconsider, the BIA found she failed to establish any error in its prior conclusion that she did not meet her burden of proof to corroborate her claim under the REAL ID Act. The BIA did not abuse its discretion in making this finding. *See* 8 C.F.R. § 1003.2(b)(1); *Mohammed*, 400 F.3d at 791 (the court reverses the denial of a motion to reconsider only if the BIA acted "arbitrarily, irrationally, or contrary to law"). We do not consider the new contentions regarding corroboration that Yuan raises for the first time in her opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction to review issues not exhausted in administrative proceedings below).

Because this finding by the BIA is dispositive of her motion to reconsider, we do not reach Yuan's remaining challenges to the BIA's denial of her motion.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**