**Roberto Carlos PEREZ, Petitioner,**

**v.**

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 14–73668**

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2016 *

Filed August 23, 2016

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Roberto Carlos Perez, Los Angeles, CA, Pro Se.

Andrew Jacob Oliveira, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Washington, DC, Chief Counsel ICE, San Francisco, CA.

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Roberto Carlos Perez, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Perez's motion to reopen as untimely and number-barred where he filed his motion more than three years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Perez failed to establish changed circumstances in El Salvador or any other qualification for a regulatory exception to the time and number limitations for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3); *see also Najmabadi*, 597 F.3d at 987–89 (evidence must be "qualitatively different" from the evidence presented at the previous hearing to warrant reopening). Further, Perez's contention that the BIA failed to consider his evidence is unpersuasive where the BIA discussed the evidence Perez submitted with his motion and explained the reasons

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

for its decision. *See Najmabadi*, 597 F.3d at 990–91.

Finally, we lack jurisdiction to consider the BIA's decision not to invoke its sua sponte authority to reopen. *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011) (court lacks jurisdiction to review BIA's decision not to invoke its sua sponte authority to reopen); *cf. Bonilla v. Lynch*, 828 F.3d 1052 (9th Cir. 2016). We also lack jurisdiction to consider Perez's contentions challenging the BIA's June 30, 2011 order because Perez did not petition for review of that order. *See Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.