**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL ROMAN-SOTO, AKA Paul Roman, AKA Paul Soto, | No. 16-71230 |
| Petitioner, | Agency No. A200-963-647 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018**

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Paul Roman-Soto, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Roman-Soto's motion to reopen for his failure to establish prejudice where, even without the alleged ineffective assistance, he would be ineligible for cancellation of removal because he had not accrued 10 years of continuous physical presence. *See Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir. 2003) ("To show a deprivation of due process caused by ineffective assistance of counsel, the alien must show that counsel's ineffective performance prejudiced h[im]." (citation omitted)).

The BIA did not abuse its discretion in not making a finding as to whether Roman-Soto's former attorney persuaded him to testify falsely, where the determination that he was not prejudiced by any ineffective assistance was dispositive. *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the BIA is not required to make findings on issues that are unnecessary to the result it reaches). Roman-Soto's contention that it is unclear whether the BIA considered the bar complaint filed against his former attorney is not supported by the record.

We lack jurisdiction to consider Roman-Soto's unexhausted contentions regarding the quality of his former attorney's briefing before the agency and whether the former attorney's performance prejudiced him with regard to being denied voluntary departure. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir.

16-71230

2010) (the court lacks jurisdiction to consider legal claims not presented to the agency in the alien's proceedings).

To the extent Roman-Soto challenges the agency's prior determinations on direct appeal, this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005) (the filing of a subsequent motion does not affect the finality or reviewability of a previous order of removal).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-71230