NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NELSON RAUL REYES-NORIEGA;
KAREN DENISE LOPEZ-VELASQUEZ
DE REYES; N. R.-L.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1637

Agency Nos.
A220-310-357
A220-310-356
A220-310-368

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2025**
Pasadena, California

Before: BEA, BADE, and LEE, Circuit Judges.

Petitioners Nelson Raul Reyes-Noriega ("Reyes-Noriega"), his wife, Karen

Denise Lopez-Velasquez de Reyes ("Karen"), and their minor child are natives and

citizens of Guatemala who seek review of a decision of the Board of Immigration

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appeals ("BIA") which denied their motion to reconsider.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. We review denials of motions to reconsider for abuse of discretion. *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252-53 (9th Cir. 2014) (internal quotation marks and citation omitted). We deny the petition.

1. The BIA did not abuse its discretion in denying Petitioners' motion to reconsider because Petitioners' motion was untimely filed. "A motion to reconsider a decision [of the Board] must be filed with the Board within 30 days after the mailing of the Board decision[.]" 8 C.F.R. § 1003.2(b)(2); *see Membreno v. Gonzales*, 425 F.3d 1227, 1230 n.5 (9th Cir. 2005) (explaining that the court would not grant a petition for review of the denial of an untimely motion to reconsider). Petitioners filed their motion on November 14, 2024, nearly one year after the BIA dismissed their appeal on November 16, 2023. Petitioners do not

---

[1] We do not consider Petitioners' arguments that appear to seek review of the BIA's November 2023 decision dismissing their appeal from an Immigration Judge's decision because, as the government asserts, they did not file a timely petition for review of that final order. *See Riley v. Bondi*, 606 U.S. 259, 275-77 (2025) (holding that 8 U.S.C. § 1252(b)(1)'s filing deadline is a mandatory claims processing rule); *see also Martinez-Serrano v. INS*, 94 F.3d 1256, 1258-59 (9th Cir. 1996) (recognizing that the finality of an underlying order was "not affected by the subsequent filing of a motion to reconsider") (internal quotation marks and citation omitted).

contest that their motion was untimely filed.

2. Even if the motion was timely, the BIA did not abuse its discretion because Petitioners' motion to reconsider did not "specify the errors of law or fact in the previous order" of the BIA. 8 U.S.C. § 1229a(c)(6)(C). Petitioners' motion does not assert that the BIA committed legal or factual error, but instead merely restates their arguments made in the appeal to the BIA. *Contra Theagene v. Gonzales*, 411 F.3d 1107, 1112 (9th Cir. 2005) (BIA did not abuse its discretion granting government's motion to reconsider because it "stated a perceived error in law that the Board committed in reversing the immigration judge.").

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 2, is otherwise denied.