**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD J. MAZARIEGOS-GARCIA, | No. 11-71349 |
| Petitioner, | Agency No. A075-719-506 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Ronald J. Mazariegos-Garcia, a native and citizen of Guatemala, petitions

pro se for review of an order of the Board of Immigration Appeals ("BIA")

denying his motion to reconsider the agency's underlying order denying his motion

to reopen based on a claim of ineffective assistance of counsel. Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reconsider. *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Mazariegos-Garcia's motion to reconsider on the ground that he did not demonstrate any legal or factual error in the agency's refusal to reopen his case, *see Yeghiazaryan v. Gonzales*, 439 F.3d 994, 998 (9th Cir. 2006) ("In filing a motion to reconsider, the petitioner must 'specify[] the errors of fact or law in the prior B[IA] decision . . . ." (citation omitted)), where his motion to reopen had failed to comply with the procedural requirements for filing a claim of ineffective assistance of counsel, *see Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 824 (9th Cir. 2003) ("[U]nder ordinary circumstances the BIA does not abuse its discretion when it denies a motion to . . . reopen based on alleged ineffective assistance of counsel where petitioner fails to meet the [procedural] requirements."). In light of this disposition, we need not address the agency's alternative grounds for denying the underlying motion to reopen. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

We lack jurisdiction to consider Mazariegos-Garcia's contentions that the immigration judge applied incorrect legal standards in adjudicating his application

for cancellation of removal and failed to consider his eligibility for asylum, because this petition for review is untimely as to Mazariegos-Garcia's underlying removal order. *See Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005).

We also lack jurisdiction to review Mazariegos-Garcia's contention that the BIA did not consider the merits of his arguments during his 2010 appeal, because Mazariegos-Garcia failed to exhaust this claim before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**