**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EBRAHIM KALATEHE, | No. 11-71752 |
| Petitioner, | Agency No. A078-908-098 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Ebrahim Kalatehe, a native and citizen of Iran, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 983, 986 (9th Cir. 2010).  We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

The BIA did not abuse its discretion in denying Kalatehe's motion as untimely because the motion was filed over four years after the agency's final order, *see* 8 C.F.R. § 1003.2(c)(2), and the BIA considered the record and acted within its broad discretion in determining that the evidence was insufficient to establish prima facie eligibility for deferral of removal under the Convention Against Torture.  *See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006) ("vague and conclusory allegations" insufficient to establish prima facie eligibility).  We reject Kalatehe's contentions that the BIA failed to consider or inadequately considered evidence, and that the BIA applied the wrong legal standard.

We lack jurisdiction to review Kalatehe's challenge to his underlying *in absentia* removal order, because this petition for review is untimely as to that order.  *See* 8 U.S.C. § 1252(b)(1); *Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005).  Contrary to Kalatehe's assertion, the BIA did not elect to revisit the immigration judge's decision.

In assessing Kalatehe's motion to reopen, however, the BIA did not address Kalatehe's asylum and withholding of removal claims.  *See Brezilien v. Holder*,

569 F.3d 403, 412 (9th Cir. 2009) (BIA is not free to ignore arguments raised by a petitioner). Accordingly, we grant the petition as to Kalatehe's asylum and withholding of removal claims and remand for the agency to consider his motion to reopen as to these claims. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**