**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE FERNANDO MURGA-AQUINO, a.k.a. Anthonny Benjamin Sillis-Levy, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 13-70634 <br><br> Agency No. A070-500-558 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014**

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Jorge Fernando Murga-Aquino, a native and citizen of Guatemala, petitions

for review of an order of the Board of Immigration Appeals ("BIA") denying his

motion to reopen deportation proceedings. Our jurisdiction is governed by

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen, *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011), and review de novo questions of law, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Murga-Aquino's motion to reopen as untimely and number barred. First, his motion, being his second motion to reopen and having been filed approximately ten years after his deportation order became administratively final, exceeded the time and numerical limitations on motions to reopen. *See* 8 C.F.R. § 1003.2(c)(2). Second, Murga-Aquino did not establish that his motion qualified for an exception to the filing limitations based on changed country conditions, where his change in name and religious affiliation, without any related change in country conditions, constitutes solely a change in personal circumstances. *See Chandra v. Holder*, 751 F.3d 1034, 1037 (9th Cir. 2014) (observing that the exception for changed country conditions "prohibit[s] a motion to reopen that relies *solely* on a change in personal circumstances"). Third, Murga-Aquino did not establish that his motion qualified for equitable tolling of the filing limitations based on ineffective assistance of counsel, where he failed to demonstrate that he had exercised the necessary due diligence. *See Avagyan*, 646 F.3d at 679 (ascertaining due diligence based on "whether petitioner made reasonable efforts to pursue relief").

Our case law forecloses Murga-Aquino's contention that his motion to reopen, to the extent that it seeks a hearing on his request for protection under the Convention Against Torture ("CAT"), is exempt from the general filing limitations. *See Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) ("[T]he procedural requirements specified in 8 C.F.R. § 1003.2(c) apply to CAT claims.").

The BIA applied the correct legal standard for changed country conditions to Murga-Aquino's motion to reopen. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that agency "applied the correct legal standard" in a case where it "expressly cited and applied [relevant case law] in rendering its decision, which is all our review requires").

In light of this disposition, the BIA properly declined to reach the merits of Murga-Aquino's pretensions of eligibility for relief from deportation. *See Simeonov*, 371 F.3d at 538 ("As a general rule . . . agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). We likewise need not reach Murga-Aquino's nondispositive contentions regarding ineffective assistance of counsel, eligibility for relief, and the validity of the BIA's precedential decisions. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

We lack jurisdiction to consider Murga-Aquino's challenges to his underlying deportation proceedings because this petition for review is untimely as to those proceedings. *See Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005) (en banc).

We also lack jurisdiction to review the agency's refusal to exercise its sua sponte authority to reopen Murga-Aquino's case. *See Minasyan v. Mukasey*, 553 F.3d 1224, 1229 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**