**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MAHMUD IBRAHIM HUSSEIN, | No. 13-71492 |
| Petitioner, | Agency No. A078-358-718 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

Mahmud Ibrahim Hussein appeals the Board of Immigration Appeals'

("BIA") decision denying his request to reopen his case for asylum or withholding

of removal based upon changed circumstances and country conditions. Because

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the BIA did not abuse its discretion, we deny the petition. *See Membreno v. Gonzalez*, 425 F.3d 1227, 1229 (9th Cir. 2005) (en banc).

We review the denial of a motion to reopen proceedings for abuse of discretion. *Velasquez-Escovar v. Holder*, 768 F.3d 1000, 1003 (9th Cir. 2014). "Aliens who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)). To prevail on a claim of changed circumstances and country conditions, the new "evidence must not have been available" or discoverable at the previous proceeding, among other requirements. *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2007) (citing 8 U.S.C. § 1229a(c)(7)(C)(ii)). Factual determinations by the BIA are reviewed under a substantial evidence standard. "The administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The BIA did not err in concluding that Hussein failed to meet this heavy burden. A reasonable adjudicator would not be compelled to a contrary result in this case. For this reason, the BIA's administrative findings of fact remain conclusive. The petition is **DENIED.**