NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BOUBACAR DRAME,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-1951

Agency No.
A208-930-085

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2025[**]
Pasadena, California

Before: CLIFTON, BYBEE, and FORREST, Circuit Judges.

Petitioner Boubacar Drame, a native and citizen of Senegal, petitions for
review of the Board of Immigration Appeals' (BIA) order denying his motion to
reconsider the BIA's prior denial of his motion to reopen. We deny the petition.

We review the BIA's denial of reconsideration for abuse of discretion. *Ayala
v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017). The BIA denied Drame's motion

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to reconsider because the motion relied on arguments that Drame could have raised in his underlying motion to reopen—namely, that changed country conditions supported his motion to reopen. *Cf. Rodriguez v. Garland*, 990 F.3d 1205, 1209–10 (9th Cir. 2021) (discussing the requirement that untimely motions to reopen establish changed country conditions, even when also premised on changed personal circumstances). Drame's motion to reconsider conceded as much, blaming the error on his counsel. We are sympathetic to the bind that counsel, who has acknowledged error, created for Drame, but the BIA did not act "arbitrarily, irrationally, or contrary to the law" by refusing Drame's attempt to raise previously available arguments via a motion to reconsider. *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022) (citation omitted); *see also Membreno v. Gonzales*, 425 F.3d 1227, 1230 n.5 (9th Cir. 2005) (clarifying that a motion to reconsider is inappropriate if it "does not point to any alleged errors of fact or law in the original BIA decision, but rather asserts a new legal argument not originally before the Board").[1]

**PETITION DENIED.**

---

[1]To the extent Drame's opening brief suggests that Dr. Walker-Said's 2022 supplemental report supported his motion to reconsider, we agree with his later withdrawal of that position. *See Iturribarria v. INS*, 321 F.3d 889, 895 (9th Cir. 2003) (contrasting motions to reopen, in which the applicant may proffer new evidence, with motions to reconsider, which are limited to "the same record evidence [the BIA] used in making its prior decision").